UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON OAKLEY,<br><br>    Plaintiff,<br><br>v.<br><br>GMRI, INC., a Florida corporation, d/b/a/ The Olive Garden Italian Restaurant,<br><br>    Defendant. | No. CV-13-042-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN FAVOR OF ARBITRATION PURSUANT TO RULE 12(b)(1), (3) AND (6)** |

Before the Court is Defendant's Motion to Dismiss In Favor of Arbitration Pursuant to Rule 12(b)(1), (3), and (6), ECF No. 11. The motion was heard without oral argument.

Defendant moves to dismiss the above-captioned action, without prejudice, in its entirety. Defendant cites to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction); 12(b)(3) (improper venue); 12(b)(6) (failure to state a claim) and the Federal Arbitration Act (FAA) in support of its motion.[1]

**A.    Background Facts**

Plaintiff worked at the Olive Garden as a server. On July 8, 2011, she took approved maternity leave. She returned to work on November 19, 2011, and asked

---

[1] Defendant did not provide the standards for granting motions under Fed. R. Civ. P. 12(b)(1), (3), or (6), nor did it provide any argument that applies these rules to the facts of the case. As such, the Court will address Defendant's arguments under the FAA only.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN FAVOR OF ARBITRATION PURSUANT TO RULE 12(b)(1), (3) AND (6)~ 1**

the Olive Garden to permit her time to take breaks during work to express her breast milk in a private location other than a bathroom. Initially, the Olive Garden denied her request to take breaks. If she was permitted to take breaks, the only location she was allowed to use was the restaurant bathroom, which was neither private nor sanitary. In December, 2011, after she continued to complain, management at the Olive Garden permitted her to use the liquor closet. Because the door could not lock, however, a bartender walked in on her. Also, because of the location of the door, patrons of the Olive Garden were able to observe her while she was expressing her milk.

Prior to her employment with the Olive Garden, Plaintiff signed a Dispute Resolution Process Acknowledgment. By doing so, she made the following statements:

> I agree as a condition of my employment to submit any eligible disputes I may have to the company's DRP and to abide by the provisions outlined in the DRP. I understand that this includes, for example, claims under state and federal laws relating to harassment or discrimination, as well as other employment-related claims as defined by the DRP. Finally, I understand that the company is equally bound to all of the provisions of the DRP.

ECF No. 12-1, Ex. A at 1.

The DRP provides four sequential steps for resolving disputes between the employee and the employer: the Open Door, Peer Review, Mediation, and Arbitration. *See* ECF No. 12-1, Ex. B.

The DRP handbook provided the following paragraph in bold on the first page:

> **The DRP is the sole means of resolving covered employment-related disputes, instead of court actions. Disputes eligible for DRP must be resolved only through DRP, with the final step being binding arbitration heard by an arbitrator. This means DRP-eligible disputes will NOT BE RESOLVED BY A JUDGE OR JURY. Neither the Company nor the Employee may bring DRP-eligible disputes to court. The Company and the Employee waive all rights to bring a civil court action for these disputes.**

ECF No. 12-1, Ex. B at 4.

The DRP handbook states that "within fourteen (14) days after the receipt of

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN FAVOR OF ARBITRATION PURSUANT TO RULE 12(b)(1), (3) AND (6)~ 2**

the completed DRP submission form by the DRP department, the party submitting a claim to DRP will be notified whether the claim is eligible for resolution under the DRP. *Id.* at 5.

With respect to Arbitration, the DRP provides:

> Only disputes that state a legal claim will be arbitrated....The arbitrator has the sole authority to determine the eligibility of a dispute for arbitration and whether it has been timely filed.

*Id.* at 8.

There is a delegation clause in the DRP, which states:

> The DRP is governed by the Federal Arbitration Act or whatever state law is required to authorize and/or enforce the arbitration. Arbitration shall be the only remedy for resolving any dispute related to the interpretation or application of the DRP or its rules, or any arbitration rules or procedures, including without limitation, the manner in which the arbitration proceeding will be conducted.

*Id.* at 8.

**B.    Analysis**

In its motion, Defendant asks the Court to enforce the arbitration agreement entered into between it and Plaintiff. Plaintiff asks the Court to find the arbitration agreement unconscionable.

The Federal Arbitration Act mandates that where a valid individual employee-employer arbitration agreement exists, the employee must arbitrate federal and state law discrimination claims. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 27-28 (1991); *E.E.O.C. v. Luce, forward, Hamilton & Scripps*, 345 F.3d 742, 748-753 (9th Cir. 2003); *Adler v. Fred Lind Manor*, 153 Wash.2d. 331, 342 (2004). The party opposing arbitration bears the burden of showing that the agreement is not enforceable. *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 92 (2000). The Court determines the enforceability of an arbitration agreement according to the laws of the state of contract formation. *Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254, 1257 (9th Cir. 2005).

Generally, courts answer questions of arbitrability. *Bhd. of Teamsters and Auto Truck Drivers, Local No. 70 v. Interstate Distrib. Co.,* 832 F.2d 507, 509 (9th

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN FAVOR OF ARBITRATION PURSUANT TO RULE 12(b)(1), (3) AND (6)~ 3**

Cir. 1987). The parties are free, however, to agree to delegate this question to the arbitrator. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). If a party challenges the validity of the arbitration agreement as a whole, the Court is required to treat a delegation clause as valid under section 2 of the FAA, and must enforce it under section 3 of the FAA, leaving any challenge to the validity of the Agreement as a whole for the arbitrator. *See Rent-A-Center*, *West, Inc. v. Jackson*, __ U.S. __, 130 S.Ct. 2772, 2777-78 (2011). ("An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FFA operates on this additional arbitration agreement just as it does any other.").

Here, as set forth above, the arbitration agreement includes a delegation clause. Plaintiff did not attack the delegation clause separately as unenforceable. Rather, Plaintiff argues the entire arbitration agreement is unconscionable and unenforceable. Thus, as instructed in *Rent-A-Center*, the Court is not permitted to address the threshold question of arbitrability, rather it must treat the delegation clause as valid and enforce section 3 of the FAA.

Rather than stay the action, however, the Court dismisses all Plaintiff's claims without prejudice. *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). (holding that although section 3 of the FAA specifically gives the court authority to stay the action, it does not limit the court's authority to grant a dismissal, where the arbitration agreement bars all of the plaintiff's claims because it requires the plaintiff to submit all claims to arbitration.) The language of the Arbitration Agreement requires Plaintiff to submit all her claims to arbitration. Thus, it is appropriate to dismiss the claims, rather than stay the action.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's GMRI, Inc.'s Motion to Dismiss in Favor of Arbitration, Pursuant to Rule 12(b)(1), (3), and (6), ECF No. 11 is **GRANTED**.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN FAVOR OF ARBITRATION PURSUANT TO RULE 12(b)(1), (3) AND (6)~ 4**

1  2.  The above-captioned case is **dismissed** without prejudice.

2  **IT IS SO ORDERED**.  The District Court Executive is hereby directed to

3  enter this Order, furnish copies to counsel, and **close** the file.

4  **DATED** this 27th day of September, 2013.

6   *s/Robert H. Whaley*

7  ROBERT H. WHALEY
   United States District Judge

8

9

   Q:\CMECF_Intake\ORDERS\13cv042rhw.09-27.pdf.wpd

10

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN FAVOR OF ARBITRATION PURSUANT TO RULE 12(b)(1), (3) AND (6)~ 5**